OPINION OF THE COURT
David B. Saxe, J.
Esther Turtz Greenwald has resided for 50 of her 85 years at 65 Central Park West, in apartment 2B, a rent-controlled premises.
During the summer of 1982, Mrs. Greenwald became ill, was hospitalized at Mt. Sinai Hospital, and then, in October of 1982 she entered DeWitt Nursing Home. The landlord, believing her chances of recovery and likelihood of her returning to the subject premises to be remote, has commenced this holdover eviction proceeding based on Mrs. Greenwald’s alleged lack of primary residence. (Omnibus Housing Act [L 1983, ch 403] §42, amdg Administrative Code of City of New York § Y51-3.0 [e] [2] [i] [10].) Each side has requested summary judgment.
The respondent relies, in part, upon the statement of Mrs. Greenwald’s physician, Dr. Schwimmer, who reported that, although upon arrival at DeWitt, Mrs. Greenwald’s condition was poor due to anorexia, confusion and a recurrence of infections, in recent months she has made progress; she is now free of infection, has grown stronger and is more oriented. The doctor *548 concludes, “It is not unreasonable to expect that Mrs. Greenwald will be able to return to her own home of 57 years, with the proper attendant personnel”. It is this conclusion that forms the principal basis for the respondent’s opposition to this summary proceeding.
This court is vested with jurisdiction to determine issues of primary residence by virtue of Omnibus Housing Act § 42, which provided for an exclusion from protection of the city rent law (rent control): “[Mousing accommodations not occupied by the tenant * * * as his primary residence, as determined by a court of competent jurisdiction.” This section does not define primary residence.
New York City Rent and Eviction Regulations § 18 (see, L 1971, ch 373) provided that the rent control administration could issue an order decontrolling rent-controlled premises upon a finding that the tenant maintained a primary residence elsewhere. Although under the Omnibus Housing Act, the city rent agency no longer has jurisdiction to determine issues of primary residence, section 18 is instructive of factors to be taken into account in passing upon this issue. These factors include whether the tenant specified an address other than such housing accommodation as his place of residence in a tax return, motor vehicle registration or driver’s license or any other document filed with a public agency; whether the tenant gave a voting address different from the housing accommodation, or whether he assigned or sublet the premises.
In 1983, the Commissioner of the Department of Housing Preservation and Development (HPD) approved New York City Rent and Eviction Regulations Amendment No. 57, which amended subdivision (b) of section 18 of those regulations.
The amendment provided that, in addition to the previous test for nonprimary residence, that a tenant seeking to show primary residence would have to demonstrate that he was domiciled in the city at the claimed housing accommodation or, if not domiciled in the city, the tenant spent an aggregate of more than 183 days in the preceding calendar year in the city at such accommodation.
The legislative enactments described above read together with case law specifically dealing with the nursing home/primary residence scenario offer guidance in resolving the issues at hand. It should be kept in mind, however, that because the city agency previously had jurisdiction to decide issues of primary residence, the cases dealing with the issue of primary residence generally arose in the context of a challenge to the agency’s determination in the form of a CPLR article 78 proceeding. *549 Thus, in most cases the parties had already had a full hearing on the issue. Because the city agency no longer has jurisdiction over primary residence, the instant case arises as a summary proceeding and as a motion for summary judgment, where there has been no prior determinations made as to the tenant’s primary residence status. This change should be kept in mind when a court examines the weight to be attributed to prior case law.
The landlord relies in particular upon two cases, 31 E. 37th St. Corp. v Joy (NYLJ, May 18, 1983, p 6, col 2 [Sup Ct, NY County, Evans, J.]) and Matter of L.J.M. Venture No. 1 v Joy (105 Misc 2d 291 [Sup Ct, NY County 1980]).
In 31 E. 37th St. Corp. v Joy (supra), Special Term reversed the determination of the rent commissioner, and reinstated the determination of the district rent director that an apartment which has not been occupied by the tenant of record for at least the past two years by virtue of her continuous residence in a nursing home, was not the primary residence of said tenant.
Justice Evans stated in pertinent part: “In the instant case, the admittedly vacant apartment, the advanced age of the tenant in possession [82 years] and her extended stay in [a] nursing home [2 years] with only a possibility of return to the apartment, all support a conclusion that a change in primary residence has taken place (see, L.J.M. Venture No. 1 v. Joy, 105 Misc. 2d 291). In light of that strong record, respondent’s reliance on the testimony of the tenant of record that she intends at some indeterminate time in the future to bring her mother back to the apartment, was insufficient to form a rational basis for his determination. Moreover, in the absence of any competent showing of the patient’s ability to leave the nursing home or even of her intent to return to the apartment, there is no substantial evidence to support his conclusion.” (31 E. 37th St. Corp. v Joy, supra.)
In Matter of L.J.M. Venture No. 1 v Joy (supra), Justice Richard W. Wallach annulled the order of the rent commissioner which denied an order of decontrol pursuant to New York City Rent and Eviction Regulations § 18, and held that a totality of circumstances such as a vacant apartment, the advanced age of the tenant (81 years) and an extended stay of a tenant in a nursing home (15 months) combined conclusively to establish that a change in “primary residence” had taken place within the meaning of the New York City Rent and Eviction Regulations authorizing the issuance of an order of decontrol.
Justice Wallach specifically rejected the “absolutist view” of the rent commissioner that “ ‘a move to a nursing home is not a *550 surrender of a primary residence’ ” under section 18: “To carve out against this legislative background an inflexible rule exempting nursing home occupants from the reach of section 18 would be to engraft upon the law an exclusion neither contemplated by the Legislature nor consonant with the policies [compelling] section 18’s enactment” (Matter of L.J.M. Venture No. 1 v Joy, 105 Misc 2d 291, 295, 296, supra).
Justice Wallach also rejected the statements of the tenant’s physician as conclusory and insufficient stating: “Conspicuously absent from the doctor’s note is any mention of the nature of Mrs. Haas’ illness, the reason for her admission to the nursing home and the basis upon which the doctor reached his hesitant forecast that Haas ‘could possibly’ depart from the home in the near future, a prediction that has in fact proved wrong” (Matter of L.J.M. Venture No. 1 v Joy, supra, p 293).
The tenant relies on the court’s determination in Heller v Joy (Sup Ct, NY County, Spec Term, Part I, index No. 14945/83, Ascione, J.). In that case, the tenant was 82 years of age and was confined to a nursing home in Florida, recuperating from brain surgery and other physical problems. The rent commissioner held that despite the tenant’s absence from the apartment, it was still her primary residence. Special Term agreed pointing out that the apartment still contained the tenant’s possessions, that the medical prognosis was uncertain and that the tenant had filed income tax returns in New York during the period of her absence. The court thus concluded that the record did not indicate, as a matter of law, a clear-cut abandonment.
One of the factors relied upon by the court in Heller v Joy (supra) was the fact that the tenant maintained her personal effects in the apartment. The petitioner here argues that the maintenance of personal belongings in an apartment cannot establish or continue primary residence status. That is so, but it is one of the elements involved in the factual matrix of establishing primary resident status.
It is true that Dr. Schwimmer’s letter pertaining to the health of Mrs. Greenwald and her prognosis is not the model of clarity and precision. It is open-ended and fails to set forth with specificity when Mrs. Greenwald can reasonably be expected to return to the apartment.
Nevertheless, as previously stated, this is not an action to review a determination of an administrative agency, but rather a motion for summary judgment. On such a motion the movant must set forth sufficient evidentiary facts to establish his cause to entitle him to a judgment as a matter of law (Capelin Assoc. v *551 Glove Mfg. Corp., 34 NY2d 338 [1974]). The initial burden on a motion for summary judgment is placed upon the movant to produce sufficient evidence to prove that no material and triable issue of fact is presented by the pleadings (Firedoor Corp. v Reliance Elec. Co., 56 AD2d 523 [1st Dept 1977]).
Here, I find that neither of the movants have carried that heavy burden. Although, I have given slight weight to the fact that Mrs. Greenwald has maintained furniture and personal effects at the apartment, and to the fact that she appears to have continually paid New York City income tax, I believe that Dr. Schwimmer’s note establishes the possibility that the tenant may be able to return to her home with the assistance of a skilled aide. Whether this possibility is imminent or so remote that it could be said that it is not a possibility at all, factual questions are presented which cannot be determined on a motion for summary judgment. Accordingly, summary judgment is denied to both parties.
What is appropriate, however, is for certain discovery, by way of deposition, to take place. Although the general rule is that discovery is antithetical to the purposes of a summary proceeding (Dubowsky v Goldsmith, 202 App Div 818 [2d Dept 1922]), it has been permitted in certain circumstances, upon a showing of “ample need”, with leave of the court (CPLR 408; Antillean Holding Co. v Lindley, 76 Misc 2d 1044 [Civ Ct, NY County 1973]).
In fact, this court in New York Univ. v Farkas (121 Misc 2d 643, 647 [Civ Ct, NY County 1983]) held “that in summary proceedings based upon allegations of nonprimary residence, a presumption in favor of disclosure should be made by a court entertaining an application under CPLR 408.”
It is appropriate then for the landlord to have the opportunity to depose, as a nonparty witness, Dr. Schwimmer. (CPLR 3101 [a] [4].) Such a deposition will clarify some of the issues left murky by his letter, including the specific possibility of Mrs. Greenwald’s return based upon her current medical condition. A deposition of the tenant would be unnecessarily burdensome and will not be permitted.
With respect to the other aspects of relief requested by the landlord, the application for an order striking the affirmative defense of lack of personal jurisdiction (CPLR 3211 [b]) is granted. It appears that the petitioner complied with RPAPL 735. The mailing of additional copies of the 30-day notice to the respondent at the DeWitt Nursing Home was in conformity with RPAPL 735 (1) (a) which provides that there be additional *552 mailings to the respondent at the other residence where “petitioner shall have written information of the residence address of such person”.
The respondent’s argument that the 30-day notice requires an additional 5 days’ notice is without foundation and merit.
The petitioner also moves to strike the jury demand because the original lease waived the right to a jury trial. That branch of the application is granted. A jury waiver clause in a lease is enforceable and valid (Avenue Assoc. v Buxbaum, 83 Misc 2d 719 [App Term, 1st Dept 1975]). The fact that the original lease has expired is irrelevant because the terms and conditions of that lease are said to continue in the context of the rent-controlled statutory tenancy (see, 1 Rasch, NY Landlord & Tenant, Summary Proceedings § 286).
The respondent’s cross motion to dismiss is denied. So too is the application for a stay. With reference to the motion to dismiss petitioner’s request for attorney’s fees on the ground that paragraph 16 of the lease describes a type of default not at issue in this proceeding, the resolution of this issue is best left to the Trial Judge.
A trial shall be set down in Part 49 for April 17, 1985.