(April 19, 1990)

■ JONATHAN WEINTRAUB, Respondent, v RUDIN ESTATES CO. et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about December 2, 1988, which, *inter alia,* granted plaintiff's motion for summary judgment, denied defendant's cross motion to dismiss and declared that plaintiff is entitled to receive a rent-stabilized lease renewal as the tenant of apartment 11-B at 1085 Park Avenue, New York, New York, unanimously affirmed, without costs.

Plaintiff is the son of the tenant of record who first occupied the premises in 1966 and has remained the tenant of record by virtue of successive renewal leases. The most recent renewal lease expired on September 30, 1988. On or about May 19, 1988, plaintiff's father received a notice from the defendants stating that his lease would not be renewed upon its expiration, because plaintiff's father was not occupying the subject apartment as his primary residence. On August 15, 1988, a 30-day notice of termination was served. Requests that a renewal lease be issued to the plaintiff were refused by the defendants. Plaintiff commenced this action by order to show cause accompanied by a summons and complaint on or about September 14, 1988. The order to show cause, *inter alia,* sought an injunction restraining defendants from commencing summary proceedings to remove the plaintiff and summary

judgment in the action commenced by plaintiff for a judgment declaring that he be issued a rent-stabilized lease pursuant to Rent Stabilization Code (9 NYCRR) § 2523.5 (b). Defendants cross-moved for an order dismissing the complaint pursuant to CPLR 3211.

Plaintiff and defendants have supplied sufficient evidence, and the circumstances of this case are such that consideration of the summary judgment motion on the merits was appropriate even though issue was not yet joined *(Republic Natl. Bank v Luis Winston, Inc.,* 107 AD2d 581, 582). Rent Stabilization Code § 2523.5 (b) is dispositive of the motion and has been upheld by this court as properly promulgated *(Festa v Leshen,* 145 AD2d 49). The affidavits and documentary evidence supplied by plaintiff conclusively establish that plaintiff has resided in the leased premises since the inception of the tenant of record's (the father's) tenancy and that he lived elsewhere only while attending college and graduate school, thereby entitling plaintiff to a rent-stabilized lease under Rent Stabilization Code § 2523.5 (b). There seems little other evidence available to plaintiff with which he could establish that the apartment is and has been his primary residence. Concur— Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.