■ BEN O. JONE, Appellant, v I. B. SIMKOWITZ, Respondent. —Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 30, 1989, granting the motion of defendant to dismiss the action; and, order of the same court,

entered September 22, 1989, granting reargument and, upon reconsideration, adhering to its prior determination, are both unanimously affirmed, without costs.

In 1986, defendant landlord brought a holdover proceeding in Civil Court to recover possession of plaintiff's apartment on the grounds that it was utilized for business purposes. Plaintiff counterclaimed, seeking, *inter alia,* compensatory and punitive damages for alleged retaliatory eviction and breach of warranty of habitability. The Civil Court (Peter Tom, J.) found that the limited business use of the premises did not significantly violate the lease. In response to a posttrial motion, the court denied compensatory and punitive damages. By stipulation so ordered, the claim based upon the warranty of habitability was severed to remain in Civil Court. Plaintiff thereafter sought to vacate the stipulation, which motion was denied. Both pretrial orders were thereafter affirmed *(Simkowitz v Stewart,* NYLJ, Jan. 30, 1990, at 21, col 5 [App Term, 1st Dept]).

Plaintiff thereafter commenced this action seeking punitive damages asserting, *inter alia,* the warranty of habitability claims. Defendant brought a nonpayment proceeding in Civil Court in which plaintiff again asserted, *inter alia,* warranty of habitability claims in his counterclaim. Defendant moved to dismiss the Supreme Court action, arguing, *inter alia,* that the parties had intended to assert the habitability claims in Civil Court and that plaintiff had raised said claims in the nonpayment proceeding. Prior to oral argument in Supreme Court, a stipulation was reached in Civil Court regarding arrears and the counterclaim was severed and withdrawn without prejudice on the grounds that, *inter alia,* plaintiff could proceed with such claim in Supreme Court. The Supreme Court dismissed the complaint, stating that the claims had been raised and resolved in the original Civil Court proceeding, that the same relief was sought in a new proceeding which was currently pending, and noting Civil Court's specialized expertise in landlord-tenant actions. Plaintiff moved for reargument, arguing that the counterclaims had been withdrawn without prejudice in Civil Court. The Supreme Court adhered to its original determination, noting that the counterclaims arose from the underlying landlord-tenant dispute and that it was preferable for Civil Court to handle such matters. We agree.

Contrary to plaintiff's contentions, as the warranty of habitability claim was originally severed, it need not be reasserted in Civil Court *(see,* CPLR 603). Further, as the claim is in the nature of a counterclaim, the limit on damages does not apply

(CCA 208 [b]). Finally, absent a need for relief which can only be granted in Supreme Court, matters regarding the landlord-tenant relationship should be heard in Civil Court *(see, e.g., Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 28). Since the habitability claim raises issues regarding compliance with housing standards, it is especially suited for adjudication in Civil Court *(Missionary Sisters of Sacred Heart v Meer,* 131 AD2d 393).

The court also properly found no basis for the imposition of sanctions. As such award is within the discretion of the IAS court, it should not be disturbed (22 NYCRR 130-1.1 [a], [c]). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.