OPINION OF THE COURT
Beverly S. Cohen, J.
Second-party plaintiff David C. Walentas (Walentas) moves for (1) an order, pursuant to CPLR 3212, dismissing defendants’ first counterclaim for a declaratory judgment regarding defendants’ right to succeed to the rent control rights previously held by Lee Rosenthal, deceased; (2) an order, pursuant *829 to CPLR 3025 (b), granting leave to add to the complaint an eviction cause of action, and for summary judgment on that claim; and (3) summary judgment on his right to use and occupancy rent for the period November 1, 1987 through October 31, 1990. Regarding the amount of that rental, Walentas moves for a hearing to determine the fair market value of the subject apartment and an interim order directing defendants to pay the rent control rental during that period.
Plaintiff 911 Alwyn Owners Corp. (Alwyn), a cooperative corporation, and Walentas, an Alwyn officer and proprietary lessee, are owners of apartment 2D, located at 180 West 58th Street in Manhattan. The one-bedroom apartment was leased and tenanted by Lee Rosenthal from 1940 until her death in November 1987. There is no dispute that the apartment was subject to the rent control laws while tenanted by Lee Rosenthal, or that she chose not to buy the apartment when the premises were converted to cooperative ownership in 1980 on a noneviction plan.
Sometime in 1986, Lee Rosenthal became ill and was hospitalized for an undisclosed period of time. In April 1986, defendant Judyth Rosenthal, Lee Rosenthal’s daughter-in-law, moved many of her belongings into the apartment and began living there while at the same time maintaining a residence at an apartment on West 67th Street in Manhattan which she shared with defendant Monroe Rosenthal, who is her husband and Lee Rosenthal’s son, and defendant (Abigail) Rosenthal, their daughter. In July 1986, the Rosenthals apparently sold their apartment and made the subject apartment their sole residence. No claim to succession is made by Judyth and Monroe Rosenthal’s other child, defendant Diana Rosenthal.
At some point in 1986 or 1987, Lee Rosenthal returned to the subject apartment and received 24-hour professional nursing care until her death in November 1987.
Prior to that date, plaintiffs commenced the instant action against the Rosenthals for harboring a dog in breach of the lease. Defendants, in their amended answer, assert, inter alla, a counterclaim in which they request a declaration that they had succeeded to the rent control rights of Lee Rosenthal, deceased.
Defendants’ motion for summary judgment on that counterclaim was denied by the Appellate Division as premature because insufficient discovery had occurred to permit analysis of the underlying circumstances pursuant to New York City *830 Rent and Eviction Regulations (9 NYCRR) §2204.6 (d), as it read prior to its amendment in December 1990 (see, 911 Alwyn Owners Corp. v Rosenthal, 160 AD2d 321). Prior to amendment, that section prohibited the eviction of an occupant who is a member of the deceased tenant’s family "who has been living with the tenant [of record], [T]he 'living with’ requirement must be read to mean living with such statutory tenant in a family unit, which in turn connotes an arrangement, whatever its duration, bearing some indicia of permanence or continuity” (911 Alwyn Owners Corp. v Rosenthal, 160 AD2d 321, 322, supra, citing 829 Seventh Ave. Co. v Reider, 67 NY2d 930, 932-933; see, also, Braschi v Stahl Assocs. Co., 74 NY2d 201). The Appellate Term found material questions of fact existed regarding defendants’ initial date of occupancy and defendants’ actual co-occupancy of the apartment with Lee Rosenthal, rendering it impossible to determine whether defendant had established the "living with” requirement provided for by 9 NYCRR 2204.6 (d).
The December 1990 amendment of that section replaces the "living with” requirement with a provision which prohibits eviction by the City rent agency of a member of the tenant’s family who "ha[ye] resided with the tenant in the housing accommodation as a primary residence for a period of no less than two years” (9 NYCRR 2204.6 [d] [1]). The two-year requirement is shortened to one year where the family member is a senior citizen, i.e., a person 62 years of age or older (9 NYCRR 2204.6 [d] [3] [ii]).
Walentas now seeks summary judgment on defendants’ first counterclaim for a declaratory judgment on the right of Judyth, Monroe and Abigail Rosenthal to succeed to Lee Rosenthal’s rent control rights. Walentas contends, in summary, that the Rosenthals are barred from succeeding to those rights by 9 NYCRR 2204 (d) (1990 amendment) because none of the Rosenthals jointly lived with Lee Rosenthal for two years prior to her death in November 1987.
Defendants, in opposition, contend that the statute, as amended, may not be retroactively applied to evict family members who would have succeeded to the rent control rights of the tenant of record under the prior statute. In the alternative, defendants contend that Monroe Rosenthal has established his right to succession under the statute, as amended, because he occupied the subject apartment for one year prior to Lee Rosenthal’s death and became a senior citizen on *831 February 24, 1988, prior to enactment of the amendment and, admittedly, after the death of his mother.
The court finds that the time requirement imposed by the amended 9 NYCRR 2204.6 (d) may not be retroactively imposed in this case. "[I]nsofar as the [amendments to 9 NYCRR 2204.6 (d)] restrict the rights of tenants or places additional burdens on their right to continued occupancy — such as the requirement that they live with the controlled tenant for a period of two years in order to be protected from eviction— such regulations should not be retroactively applied * * * To do so would not support the goal of protecting tenants from eviction * * * It would be anomalous to retroactively apply a rule amended to protect family members from eviction when the direct consequence and only purpose of such retroactive application would be to cause the eviction of a qualified family member. Therefore, the two[-]year residency requirement is prospective only.” (Coleman v Sillman, 19 HCR 133, NYLJ, Mar. 6, 1991, at 22, col 6, at 23, col 2 [Civ Ct, Housing Part]; see also, 43-45 W 129 St. HDFC v Doe, NYU, Mar. 2, 1992, at 31, col 2 [Civ Ct, Housing Part].)
Retroactive application of the time requirement would deprive defendants of rights available under the former section, inasmuch as that section did not include a rigid time frame, and would directly subject them to eviction. Here, as in Coleman v Sillman (supra), defendants’ right to continued possession must be adjudicated pursuant to 9 NYCRR 2204.6 (d) prior to amendment.
This outcome does not conflict with the cases relied on by movant where the amended statute was applied retroactively and resulted in the eviction of the family member. In those cases, the court cited evidentiary facts demonstrating that the family member would be unable to establish "living with” the tenant of record as a family unit (see, e.g., Gottlieb v Licursi, NYLJ, Nov. 1, 1991, at 21, col 3 [App Term, 1st Dept]). Although discovery has proceeded since the Appellate Division’s denial of defendant’s motion for summary judgment on the first counterclaim, neither side has submitted evidence sufficient to permit resolution of the triable issue regarding the nature of the relationship of Lee Rosenthal and defendants raised by the Appellate Division (see, 911 Alwyn Owners Corp. v Rosenthal, supra). Therefore, that branch of the motion in which Walentas seeks summary judgment in the first counterclaim for a declaratory judgment on defendants’ right *832 to succeed to Lee Rosenthal’s rent control rights is denied as premature.
Walentas next seeks leave to amend the complaint to add a cause of action for eviction and for summary judgment on that cause of action.
CPLR 3025 (b) provides that leave to amend pleadings shall be freely given absent a showing of prejudice (Fahey v County of Ontario, 44 NY2d 934). Only where the proposed amendment is palpably insufficient, as a matter law, or is totally devoid of merit, should leave to amend be denied (supra; East Asiatic Co. v Corash, 34 AD2d 432).
Although Walentas seeks leave to amend some six years after commencement of the instant action and some five years after the death of Lee Rosenthal, which he alleges deprived defendants of any possessory right to take subject apartment, no prejudice will accrue to defendants should leave be granted. The proposed eviction cause of action raises the same legal and factual issues as are raised by defendants in their first counterclaim in the amended answer dated December 23, 1987. Both claims require a determination regarding defendants’ succession to the rent control rights to the subject apartment previously held by Lee Rosenthal. Therefore, defendants cannot now claim undue prejudice or surprise.
Moreover, the eviction cause of action is not totally devoid of merit. As discussed supra, triable issues remain regarding defendants’ relationship with Lee Rosenthal while they resided in her apartment.
Therefore, leave to amend is granted. However, inasmuch as triable issues exist, summary judgment on the added cause of action is denied.
Last, Walentas seeks rent in a sum no less than $23,020.82 for defendants’ possession of the subject apartment from November 1, 1987 through October 31, 1990. The Honorable Elliott Wilk, in an order entered May 9, 1991 on this action, granted Walentas’ motion for rent due and owing beginning November 1, 1987, to the extent that he directed defendants to pay Walentas use and occupancy at the rate of $639.43 per month retroactive to November 1, 1990, and to continue paying rent as it becomes due. Walentas did not move for leave to reargue nor did he appeal that order. That order is now the law of the case and, as such, prohibits Walentas’ instant attempt to reargue and modify.
Accordingly, Walentas’ motion is granted only to the extent *833 that leave to amend the complaint is granted and the proposed amended complaint annexed to the motion papers is deemed served; defendants are directed to respond, pursuant to applicable provisions of the CPLR, within 20 days of service of this order with notice of entry.