■ Diane L. D. Ellinger, Respondent, v Bank of New York, Appellant. (And a Third-Party Action.)—Weiss, P. J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Benson, J.), entered May 30, 1991 in Dutchess County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff and her husband, Glenn R. Ellinger (hereinafter Ellinger), sold their home and on August 9, 1989 took the proceeds, two checks drawn on defendant totaling $50,446.05, to defendant's Fishkill branch to open an account with the checks. These checks, which are the subject of this action, were payable to both plaintiff and Ellinger. They were assisted at the bank by Christine Murphy, the branch manager, who suggested that a joint account be opened in both names.

Ellinger rejected the suggestion and instructed Murphy to open the account in his name alone. Murphy then suggested that, minimally, the account be an "in trust for" Totten account in favor of plaintiff in the event of Ellinger's death. Ellinger agreed and handed the checks to Murphy. While Murphy was elsewhere in the bank processing the deposit, plaintiff called Ellinger's attention to the fact that neither of them had endorsed the checks. This fact was not disclosed to Murphy and, after she advised them that the account was open, they proceeded to a teller where Ellinger withdrew $15,000 in cash. Shortly thereafter they used $10,000 of the cash to buy a travel trailer, placing title in their joint names, and Ellinger retained the remaining $5,000.

During the following two-week period, plaintiff returned to the bank twice to withdraw money using withdrawal slips signed by Ellinger. The first was honored but the second was refused. During this time period plaintiff did not complain to the bank about the checks, the deposit, or the account, although a balance in excess of her "one-half interest" remained on deposit. On August 24, 1989, Ellinger absconded with the travel trailer and virtually all of the money. Plaintiff commenced this action against defendant seeking to recover her one-half share of the sum represented by the two "unendorsed" checks. Supreme Court granted summary judgment to plaintiff and denied defendant's cross motion for summary judgment.

Supreme Court held that UCC 3-116 was applicable and that plaintiff's failure to endorse the checks was fatal to defendant's defense, finding in essence that plaintiff could not transfer her interest in the check without either an endorsement or deposit into an account titled similar to the checks. We disagree.

UCC 3-201 (1) specifically provides that an instrument (which term includes checks [see, UCC 3-104]) can be transferred without an endorsement. A bank which pays a check without the endorsements of all payees (see, UCC 3-116 [b]), however, assumes the burden of establishing upon subsequent challenge that the payment was authorized by the nonsigning payees (see, Maynard Inv. Co. v McCann, 77 Wash 2d 616, 465 P2d 657; cf., UCC 3-307, official comment 2). Defendant submitted evidentiary proof that plaintiff accompanied Ellinger to the bank, raised no protest to the opening of the account in his name although she knew of the significance of so titling the account, remained silent about the lack of endorsement on

the checks deposited, and observed his withdrawal of $15,000 in which she shared by obtaining an interest in the travel trailer they jointly purchased with some of the proceeds. This evidence, if believed, could support a jury finding that plaintiff participated in or authorized the transfer of the interests of both payees in the checks *(see, Maynard Inv. Co. v McCann, supra)*. Plaintiff, on the other hand, gave deposition testimony that she requested of Murphy that an account for one half of the check proceeds be opened in her name. Moreover, plaintiff's silent acquiescence coupled with her subsequent acts could be construed as ratification of the transfer *(see,* Annotation, *Bank's Liability to Nonsigning Payee For Payment of Check Drawn to Joint Payees Without Obtaining Indorsement by Both,* 47 ALR3d 537, § 4). Accordingly, the presence of the foregoing factual disputes as to the circumstances of the banking transaction precluded summary judgment in favor of either party *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404).

We note, however, that there is no dispute that plaintiff benefited from $10,000 out of the $15,000 cash withdrawal used to purchase a jointly owned travel trailer, as well as from the $100 cash withdrawn by her. To the extent plaintiff may ultimately prove entitlement to a judgment against defendant for her one-half interest in the checks, defendant would be entitled to a credit of $5,100.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment and denied defendant's cross motion for partial summary judgment on the undisputed issue of the $5,100 in benefits received by plaintiff from the check proceeds; motion denied and cross motion granted to that extent; and, as so modified, affirmed.