■ VALENTINE TRANSIT, INC., et al., Respondents, v JEAN Y. KERNIZAN et al., Defendants, and REPUBLIC NATIONAL BANK OF NEW YORK, Appellant. [594 NYS2d 180] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered on October 7, 1991, which, *inter alia,* granted the cross-motion for reargument by defendant Republic National Bank of New York but adhered to its previous determination granting the motion by plaintiff Valentine Transit, Inc. for summary judgment against the bank, is unanimously reversed on the law to the extent appealed from and plaintiff's motion for summary judgment denied, with costs and disbursements.

In 1986, plaintiff Valentine Transit, Inc. purchased a New York City taxi medallion through defendant Sherman Taxi Medallion Sales, Inc., then known as Herman Sherman Associates, acting as a broker. When Valentine decided to sell the medallion, it again contacted Sherman to make the arrangements. Sherman found a buyer later that year, defendant Jean Kernizan, who deposited $12,000 with Sherman as a down payment. Thereafter, a check in the amount of $111,766.33 drawn on defendant Melrose Credit Union, which financed the transaction, and payable to plaintiffs Michael and Rosalyn Alexander, principals of Valentine, was delivered to Sherman. This check, bearing only the endorsement of Michael Alexander, claimed by plaintiffs to be a forgery, was deposited by Sherman with defendant-appellant Republic National Bank of New York. Although Republic honored the check upon presentment, plaintiffs allege that they never received any of the proceeds.

Valentine commenced this action in March of 1988 against Kernizan, Sherman, the New York City Taxi and Limousine

Commission and others. The complaint was amended in June of 1989 to include Melrose and Republic as defendants and, subsequently, the Supreme Court authorized the addition of Michael and Rosalyn Alexander as plaintiffs. While plaintiffs challenge the genuineness of the endorsement of Michael Alexander on the check, this motion is limited to the issue of whether Republic is liable to them based upon whether the check was wrongly honored without its having been endorsed by the second payee, Rosalyn Alexander. In granting Valentine's motion for summary judgment against Republic and adhering to that determination upon reargument, the Supreme Court inexplicably relied upon UCC 4-401, which is inapplicable herein, instead presumably, of UCC 3-116 which provides that "[a]n instrument payable to the order of two or more persons * * * (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

However, there is merit to defendant's argument that the court prematurely granted summary judgment. According to CPLR 3212 (a), a "party may move for summary judgment in any action, after issue has been joined." In that regard, defendant answered the original amended complaint but was afforded no opportunity to respond to the second amended complaint prior to the court granting Valentine's motion for summary judgment, which was made at the same time that it requested permission to amend by adding Michael and Rosalyn Alexander as party plaintiffs. Consequently, issue had not yet been joined, and the Court of Appeals has held that the requirement prescribed in CPLR 3212 (a) must be "strictly adhered to" (City of Rochester v Chiarella, 65 NY2d 92, 101). As the Court explained in Markle Found. v Manufacturers Hanover Trust Co. (173 AD2d 784, 785-786): "A motion for summary judgment cannot be made until after issue is joined (CPLR 3212 [a]). Thus, the plaintiff's motion for summary judgment was premature. While, CPLR 3211 (c), which was also relied upon by the plaintiff, provides that '[w]hether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment', the Supreme Court in this case did not give the parties adequate notice, and the fact that the plaintiff requested that relief is not a sufficient substitute for such notice."

Similarly, in the instant situation, the Supreme Court furnished no notice that it would give the case summary judgment treatment (see, Four Seasons Hotels v Vinnik, 127 AD2d

310, 318). Rather, the court, before issue had been joined, simply granted summary judgment to Valentine on plaintiff's motion papers. Since the motion for summary judgment was premature *(see, Freer v Poncic,* 172 AD2d 959; *Delpopolo v Zanghi,* 140 AD2d 930; *Woodworth v Woodworth,* 135 AD2d 1143; *Peterson v State of New York,* 130 AD2d 813), it should not have been granted. The case relied upon by plaintiffs in support of the motion, *Weintraub v Rudin Estates Co.* (160 AD2d 483), is an anomaly which is restricted to the particular facts therein.

In any event, as previously stated, UCC 4-401 was erroneously cited by the Supreme Court as warranting summary judgment in favor of Valentine since that section deals with when a bank may charge a customer's account, and plaintiffs are not the customers of defendant bank. Michael and Rosalyn Alexander are the payees of a check drawn on Melrose Credit Union and purportedly wrongfully honored by defendant bank. As correctly pointed out by Republic, while it may be liable for conversion (UCC 3-419), the defenses of ratification or waiver and actual or apparent authority are available. Defendant has in that respect presented sufficient facts to raise a question concerning whether plaintiffs ratified Sherman's deposit of the subject check in its own account as an agent for plaintiffs. As for the individual plaintiffs, defendant may be able to demonstrate that Michael Alexander's endorsement was not a forgery and that Rosalyn Alexander authorized payment *(see, Ellinger v Bank of N. Y.,* 185 AD2d 578). The absence of any factual questions herein is, therefore, not evident. Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.