[637 NYS2d 27]

GIULIA Cox et al., Respondents, v J.D. REALTY ASSOCIATES, Appellant.

First Department, December 19, 1995

### APPEARANCES OF COUNSEL

*Amy Borress Glass* of counsel *(Andrea J. Pincus* on the brief; *Anderson Kill Olick & Oshinsky, P. C.,* attorneys), for respondents.

*Jeffrey R. Metz* of counsel *(Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C.,* attorneys), for appellant.

### OPINION OF THE COURT

RUBIN, J.

This action is no more than an attempt to keep a landlord-tenant dispute from being heard in Civil Court, the forum explicitly designated to entertain such proceedings (NY Const, art VI, § 15 [b]; CCA 204; *see also*, CCA 110). Plaintiffs have advanced no basis for injunctive and declaratory relief, their motion for summary judgment is premature and defendant landlord has not been afforded the opportunity to conduct discovery.

The only step taken thus far by defendant landlord in furtherance of recovering possession of the subject premises is the service of a 30-day notice of termination dated December 29, 1994 upon plaintiffs' parents, the tenants of record. The stated ground for seeking plaintiffs' eviction is that their parents do not use the premises as their own dwelling (City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [2] [i] [10]; NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6), having moved to a home in Connecticut, admittedly by 1991 and assertedly as early as 1981. In the absence of any notice to defendant landlord of the presence in the apartment of persons who may succeed to the

tenancy, it is plaintiffs' affirmative obligation to demonstrate compliance with the New York City Rent and Eviction Regulations and, thus, establish their right to protection from eviction (9 NYCRR 2204.6 [d] [2]).

In a dispute involving succession rights, administrative proceedings before the Division of Housing and Community Renewal (City Rent and Rehabilitation Law § 26-408; 9 NYCRR 2204.6) are not regarded as an exclusive remedy, and courts have traditionally exercised concurrent jurisdiction in such cases (*Misthopoulos v Estate of Ruhl*, 183 AD2d 651, 652, citing *Braschi v Stahl Assocs. Co.*, 74 NY2d 201). Moreover, the rent control statute expressly excludes from its protection "[h]ousing accommodations not occupied by the tenant, not including subtenants or occupants, as his or her primary residence, as determined by a court of competent jurisdiction" (City Rent and Rehabilitation Law § 26-403 [e] [2] [i] [10]; *see also*, McKinney's Uncons Laws of NY § 8625 [Emergency Tenant Protection Act of 1974 § 5; L 1974, ch 576, § 4, as amended]). Where, as here, possession of an apartment is sought on the basis of nonprimary residence, it falls to the courts to determine whether the premises are subject to the rent laws.

The availability of a judicial forum by no means implies an automatic right to equitable relief in Supreme Court. It is well settled that "the extraordinary remedies * * * of injunctive and declaratory relief * * * are available 'only where resort to ordinary actions or proceedings would not afford adequate relief.' " (*Gaynor v Rockefeller*, 15 NY2d 120, 132, quoting *Rockland Light & Power Co. v City of New York*, 289 NY 45, 51.) That judicial proceedings might be commenced is not a sufficient basis for the exercise of Supreme Court's equitable powers (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 32). As the Court of Appeals has stated, "Civil Court has jurisdiction of landlord tenant disputes (see CCA 204) and when it can decide the dispute, as in this case, it is desirable that it do so" (*Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 [*Yellowstone* injunction], citing *Lun Far Co. v Aylesbury Assocs.*, 40 AD2d 794). As *Post* goes on to note, "If the tenant is unable to obtain complete relief in Civil Court, then the jurisdiction of Supreme Court is still available" (*supra*, at 28, citing *Wilen v Harridge House Assocs.*, 94 AD2d 123 [*Yellowstone* injunction]).

In support of their contention that a plenary action in Supreme Court is available to them, plaintiffs rely on *Braschi v Stahl Assocs. Co.* (*supra*), a declaratory judgment action likewise involving succession rights. However, that case pre-

sented a novel question of law and culminated in a significant extension of the meaning of the term "family". As this Court noted, the circumstances of the tenant in *Braschi* required "equitable relief only available in the Supreme Court by way of a declaration of rights on a complex question of law" (*Wilen v Harridge House Assocs.*, *supra*, at 128).

The instant matter presents no such novel issue and requires no complex determination of applicable law. Following *Braschi (supra)*, the New York City Rent and Eviction Regulations were amended (in December 1990) to include detailed succession rights, including a comprehensive statement of what is meant by the term "family member" (9 NYCRR 2204.6 [d] [1], [3]; *see*, *911 Alwyn Owners Corp. v Estate of Rosenthal*, 157 Misc 2d 828, 829-830). Insofar as relevant, these regulations provide that children of the tenant of record who resided with the tenant, either from the inception of the tenancy or for two years immediately prior to the permanent vacating of the premises by the tenant of record, are not subject to eviction.

What remains to be determined in this case is (1) precisely when the tenants of record permanently vacated the apartment, (2) whether plaintiffs took up primary residence in Guilford, Connecticut, with their parents in the period between 1981 and 1991, during most of which they were teenagers and, (3) whether plaintiffs' residence in the apartment was otherwise "interrupted" except by excluded periods of temporary relocation during the two years immediately prior to the date their parents permanently vacated the premises. In this regard, it should be noted that a child is presumed to reside with the parents and "the presumption concerning the residence of the child is not easily rebutted, and should not be lightly cast aside" (*Quiala v Laufer*, 180 AD2d 31, 35; *see*, *Catlin v Sobol*, 77 NY2d 552, 559). While strenuously resisting decision of these questions by Civil Court, plaintiffs fail to advance any reason why the resources of that forum are inadequate to afford complete protection of their rights and to warrant the stay of administrative and summary proceedings sought before Supreme Court (*cf.*, *Reynolds v Division of Hous. & Community Renewal*, 199 AD2d 15 [illusory tenancy]).

Dismissal of plaintiffs' declaratory judgment action is supported by a number of our cases, most of which are cited by Supreme Court in its memorandum decision, stating unequivocally that Civil Court is the appropriate forum to resolve disputes over the possession of leasehold premises (*Scheff v 230 E. 73rd Owners Corp.*, 203 AD2d 151 [strong rule against stay-

ing summary proceeding]; *Jone v Simkowitz*, 163 AD2d 77, 79, *lv denied* 77 NY2d 801 [absent special need, matters regarding landlord-tenant relationship should be heard in Civil Court]; *Kanter v East 62nd St. Assocs.*, 111 AD2d 26, 27 [tenant may obtain full relief in Civil Court by defending any summary proceeding]; *Asherson v Schuman*, 106 AD2d 340, 342 [Civil Court is the preferred forum for speedy disposition of landlord-tenant disputes]; *Lun Far Co. v Aylesbury Assocs.*, 40 AD2d 794, *supra* [unless it clearly appears that relief is unavailable in a summary proceeding, it should not be stayed]; *see also, Glen Briar Co. v Silberman*, 129 Misc 2d 439 [Civil Court could decide issues raised in request for preliminary injunction]). In the absence of any showing that Civil Court is unable to afford complete relief to plaintiffs, there is no basis for the application to Supreme Court for declaratory and equitable relief. That possession of the apartment may ultimately be awarded to defendant landlord is not a predicate for enjoining summary proceedings as plaintiffs may protect their right to succeed to the statutory tenancy by defending any proceeding to recover possession that landlord might commence (*Kanter v East 62nd St. Assocs., supra*).

The evidence in this case consists almost entirely of material submitted by plaintiffs relating to their activities immediately prior to 1991 and thereafter. Included in the submissions is a conclusory affidavit from Martha Cox, plaintiffs' mother, together with her joint tax returns filed with John Cox for 1991, indicating part-year residence in New York. Conspicuously absent from the documentary evidence, however, is any indication of when the tenants of record purchased their home in Connecticut.

The only evidence submitted by defendant, which did not acquire the subject apartment building until September 7, 1994, is a short opposing affidavit by one of its partners. It simply attests to reports from its employees that plaintiffs' parents no longer reside at the subject apartment. Defense counsel's affidavit in opposition to plaintiffs' summary judgment motion recites the absence of discovery in this matter and asserts that the facts relating to plaintiffs' residence and their use of the subject premises are peculiarly within their knowledge (CPLR 3212 [f]).

The availability of discovery in a summary proceeding of this type has been recognized from the outset. Shortly after the Emergency Tenant Protection Act was amended to include nonprimary residence as a basis for eviction (L 1974, ch 576,

§ 4, as amended by L 1983, ch 403, § 55), it was held that "a presumption in favor of disclosure" should be made (*New York Univ. v Farkas*, 121 Misc 2d 643, 647) as an exception to the general sentiment that "discovery is antithetical to the purposes of a summary proceeding" (*65 Cen. Park W. v Greenwald*, 127 Misc 2d 547, 551 [nonparty witness], citing *Dubowsky v Goldsmith*, 202 App Div 818; CPLR 408). The availability of discovery in actions pursuant to the Real Property Actions and Proceedings Law is recognized by this Court (*McQueen v Grinker*, 158 AD2d 355, 359).

Among the items useful to determination of this dispute are documents relating to the acquisition of the tenants' present home; records of plaintiffs' school attendance after the date of acquisition; telephone records; utility bills and rent statements for the apartment; bank and credit records; motor vehicle registration; and use of the address of the premises for the receipt of mail (*see, Briar Hill Apts. Co. v Teperman*, 165 AD2d 519; *Matter of Stahl Assocs. Co. v State Div. of Hous. & Community Renewal*, 148 AD2d 258; *Lesser v Park 65 Realty Corp.*, 140 AD2d 169, *lv dismissed* 72 NY2d 1042; *Matter of Rose Assocs. v State Div. of Hous. & Community Renewal*, 121 AD2d 185, *lv denied* 69 NY2d 601). The record is woefully lacking these customary indicia of continuous residence. The evidence submitted by plaintiffs is insufficient even to establish that they currently reside at the premises. It is most certainly insufficient to establish the "ongoing, substantial, physical nexus with the controlled premises for actual living purposes—which can be demonstrated by objective, empirical evidence" (*Emay Props. Corp. v Norton*, 136 Misc 2d 127, 129 [App Term, 1st Dept]).

In support of the viability of a motion for summary judgment prior to joinder of issue, in contravention of CPLR 3212 (a), plaintiffs rely on this Court's decision in *Weintraub v Rudin Estates Co.* (160 AD2d 483), factually distinguishable from the instant matter only in that it concerns a rent-stabilized tenancy. However, the propriety of the procedure employed by the plaintiff does not seem to have been at issue in that case and is not discussed in the memorandum decision disposing of the appeal. In any event, *Weintraub* is an anomaly that we subsequently disapproved and limited to its facts, holding that a motion for summary judgment prior to joinder of issue is premature and should be denied (*Valentine Tr. v Kernizan*, 191 AD2d 159, 161; *see, City of Rochester v Chiarella*, 65 NY2d 92, 101 [rule barring prejoinder motion for summary judgment strictly applied]).

This Court has, on several occasions, voiced disapproval of the misuse of rent-regulated space and noted the contribution of underutilization of regulated housing to the general shortage of residential accommodations. " 'A tenant of a stabilized apartment who maintains a primary residence elsewhere, and also seeks to retain the stabilized apartment for convenience or for considerations of personal gain, is not one who is a victim of the housing crisis but may rather be said to be a contributing and exacerbating factor in the continuation of the critical shortage of affordable apartments' " (*Briar Hill Apts. Co. v Teperman, supra,* at 523 [Wallach, J.], quoting *Cier Indus. Co. v Hessen,* 136 AD2d 145, 150 [Ellerin, J.]). "A critical requirement of rent control * * * is that the tenant maintain the apartment as a primary residence" (*Matter of Stahl Assocs. Co. v State Div. of Hous. & Community Renewal, supra,* at 262-263 [Sullivan, J.]). The legislative purpose in permitting eviction of tenants who do not use housing accommodations as their primary residence was "to help ensure that the continuing shortage of residential housing was not exacerbated by tenants using their rent-controlled and rent-stabilized apartments only occasionally for convenience or for storage" (*Matter of Schwartz Landes Assocs. v New York City Conciliation & Appeals Bd.,* 117 AD2d 74, 79 [Murphy, P. J.], citing Governor's Mem approving L 1971, ch 373, 1971 NY Legis Ann, at 562 [1971 McKinney's Session Laws of NY, at 2609]). As another court stated it: "In specifically excluding housing accommodations not used as the tenant's primary residence from those to which a local declaration of emergency may apply, the Legislature has made clear its intention that regulatory protection should not be available where the tenant's claim to the subject premises is based on less than the need for a place to call home. This intent is entirely consonant with the public policy sought to be advanced, which is to promote the availability of affordable housing units * * * Public policy is not advanced by permitting housing units to be held, partly or wholly unutilized, by tenants whose interest is pecuniary gain rather than affordable housing" (*Park S. Assocs. v Mason,* 123 Misc 2d 750, 753, *affd* 126 Misc 2d 945).

The premature determination made by Supreme Court, on equivocal evidence, that plaintiffs herein are entitled to succeed to the statutory tenancy of their parents cannot stand. At best, it constitutes an impermissible finding of fact that the tenants of record permanently vacated the apartment in 1991, as plaintiffs allege, and not at some earlier time, as defendant contends (*see, Cochrane v Owens-Corning Fiberglass Corp.,* 219

AD2d 557). Plaintiffs' surreptitious occupancy during the course of several years hardly serves to reassure this Court of the merit of their claim to the tenancy. Therefore, defendant landlord should be afforded an opportunity to discover what use is presently being made of the apartment and the circumstances under which plaintiffs came into possession.

Accordingly, the order and judgment (one paper) of Supreme Court, New York County (Carol E. Huff, J.), entered on or about April 27, 1995, which granted plaintiffs' motion for summary judgment and declared that they are entitled to possession of the subject premises, should be reversed, on the law, the motion denied, judgment vacated, and the action dismissed, without prejudice to plaintiffs' assertion of the defense of succession in any action that may be commenced in Civil Court, without costs.

ROSENBERGER, J. P., WALLACH, KUPFERMAN and MAZZARELLI, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on or about April 27, 1995, reversed, on the law, plaintiffs' motion denied, the judgment vacated and the action dismissed, without prejudice to plaintiffs' assertion of the defense of succession in any action that may be commenced in Civil Court, without costs.