■ PAULINE MOURADIAN, Respondent, v ASTORIA FEDERAL SAVINGS AND LOAN, Defendant, and NORSTAR BANK, N. A., et al., Appellants. [653 NYS2d 654] —In an action, *inter alia,* to recover the face amount of three checks paid on a forged indorsement, the defendants Norstar Bank, N. A., now doing business as Fleet Bank, Citibank, N. A., and Manufacturers Hanover Trust appeal from so much of an order of the Supreme Court,

Nassau County (Alpert, J.), entered May 31, 1995, as granted the plaintiff's motion for summary judgment on the third, fourth, and fifth causes of action in her complaint asserted against Manufacturers Hanover Trust. Justice Sullivan has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's estranged husband received three checks jointly payable to him and the plaintiff. He forged her indorsement on each of them and the defendant Manufacturers Hanover Trust (hereinafter MHT) ultimately made payment on the checks. Norstar Bank, N. A., now doing business as Fleet Bank (hereinafter Norstar), and Citibank, N. A. have agreed to defend MHT pursuant to UCC 3-803. Therefore, Norstar and Citibank are aggrieved by the order appealed from.

The Supreme Court properly granted the plaintiff's motion for summary judgment on her conversion causes of action asserted against MHT, the drawee bank (see, UCC 3-419 [1] [c]; [2]). Pursuant to UCC 3-419 (2), the measure of the drawee's liability for conversion is the face amount of the instrument. While we agree with our dissenting colleagues that the rule of absolute liability under UCC 3-419 (2) does not preclude a drawee bank from seeking a setoff where the payee has recovered all or part of the proceeds, in this case the plaintiff never received any of the proceeds of the checks and had no control over or input into how the funds were used (compare, Ellinger v Bank of N. Y., 185 AD2d 578).

By contending that the plaintiff received the benefit of the checks, MHT is asking the court to look behind the face of the instruments to the purpose of the funds. Essentially, MHT is arguing that the plaintiff had no personal interest in the proceeds themselves since the funds were earmarked for repairs to the home jointly owned with her estranged husband. To permit a setoff where the drawee bank contends that the payee derived a benefit from the converted proceeds requires the type of inquiry which is precluded by UCC 3-419 (2).

The inequity which may result from the application of UCC 3-419 (2) against a drawee bank has been addressed by UCC 3-420, which eliminates the rule of absolute liability and, as noted by the dissent, has been adopted by many States. New York, however, has not yet enacted this legislation.

We have examined the appellants' remaining contentions and find them to be without merit. Miller, J. P., Sullivan and Altman, JJ., concur.

McGinity, J. dissents and votes to reverse the order insofar as appealed from and remit the matter to the Supreme Court, Nassau County, for a hearing, and a determination of the amount of the setoff Manufacturers Hanover Trust is entitled to, with the following memorandum, in which Friedmann, J., concurs: I respectfully dissent. The order appealed from should be reversed and the matter remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

The plaintiff and her then husband purchased a home in Garrison, New York, and obtained a mortgage from the defendant Astoria Federal Savings and Loan. The mortgage note executed by the plaintiff and her husband contained a preservation clause wherein they agreed to keep the property in good repair and to immediately replace any portion of the property covered by the mortgage that was damaged. A fire occurred at the property in May 1990 and Allstate Insurance Company, the property's insurer, ultimately issued a check to the plaintiff and her husband, as well as Astoria, as mortgagee, in the sum of $41,500 for the fire loss.

Although the plaintiff and her husband were involved in a divorce proceeding, they endorsed the check and deposited it in an escrow account maintained at Astoria. Subsequently, Astoria issued three checks, payable to the plaintiff and her husband, in the sum of $10,000, $22,890.60, and $5,000. The checks were sent to the plaintiff's husband who, after forging her signature, allegedly forwarded the proceeds to material men and contractors for repair work on the Garrison property, which was still jointly owned.

The plaintiff commenced this action against the appellant banks at which the checks were deposited and added Manufacturers Hanover Trust, the bank where the checks were presented for payment, alleging separate acts of conversion against Manufacturers Hanover Trust pursuant to UCC 3-419.

The Supreme Court awarded the plaintiff summary judgment in the amount of $37,890.60, the total amount of the three converted checks, finding that under UCC 3-419, Manufacturers Hanover Trust is strictly liable for the face amount of the instruments.

In my view, the plaintiff is not entitled to the full value of the checks and the matter should be remitted to the Supreme Court, Nassau County, for a hearing to determine the specific amount of the proceeds of the checks which were used for the plaintiff's benefit in connection with the repair of the property, and what portion of the remaining proceeds of the checks to which she is entitled.

It appears that the insurance monies, or a part thereof, paid by Allstate were used to make repairs to the Garrison property, property in which plaintiff had an interest at the time repairs were made, to correct the extensive fire and water damage to the house. The contractor who performed the work testified that the total repair contract price was $34,730 but that he received from plaintiff's husband about $17,000 or $18,000 because the husband participated in the work and bought some of the materials directly. Although the papers in opposition to the motion for summary judgment do not specifically reveal the exact amount of the insurance proceeds used to make repairs to the property, it cannot be disputed that some of the proceeds were so used and that the plaintiff and her husband had an obligation to make those repairs pursuant to their agreement with Astoria, a named payee on the Allstate Insurance Company check. For the plaintiff to recover the full amount indicated on the face of the instruments would, in my view, be inequitable and would result in an unwarranted excess payment to the plaintiff, who apparently derived a benefit from the converted funds.

Therefore, although the applicable statute, UCC 3-419, provides that a drawee's liability is the face amount of the instrument, it should not be read so narrowly as to prevent a setoff of the amount already recovered by the plaintiff (see, *Lund v Chemical Bank,* 797 F Supp 259 [SD NY 1992]; *Lurz v Panek,* 172 Ill App 3d 915, 527 NE2d 663; *Twellman v Lindell Trust Co.,* 534 SW2d 83 [Mo Ct App 1976]; *Starkey Constr. v Elcon, Inc.,* 248 Ark 958, 457 SW2d 509). If such a narrow interpretation were accepted, the plaintiff would be entitled to full recovery on the converted funds even if, for example, her husband had reimbursed her for the checks on which he had forged her signature. Rather, the statute should be read so as to permit a setoff to the extent that the plaintiff realized a benefit from the proceeds. This interpretation of the statute would be consistent with the equitable provisions espoused in UCC 1-103 and 1-106. Moreover, UCC 3-420 (b) which has been adopted by many States provides that in actions for conversion under that section "the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument". Indeed, as one leading commentator has pointed out, because most copayees are either married couples or partners in business, typically both payees will benefit in some way from the proceeds of the check, for example, home improvements. If the copayee has in some way benefitted, allowing recovery for the full value of the check without appropriate setoff gives the co-

payee a windfall at the bank's expense (2 White-Summers, Uniform Commercial Code § 18-6, at 230 [4th ed]). Accordingly, a hearing is required to determine the amount of the proceeds which were applied to the repair of the property, and to what portion of the remainder of the proceeds the plaintiff is entitled.