OPINION OF THE COURT
Per Curiam.
Order, entered August 20, 2007, affirmed, with $10 costs.
This holdover summary proceeding, based upon allegations of nonprimary residence, is not susceptible to summary disposition. While tenant readily acknowledges her ownership of two separate residential units in Florida, material issues of fact as to the situs of tenant’s primary residence are raised by tenant’s deposition testimony indicating her use of the rent-stabilized Manhattan apartment here at issue for all but the winter months and ample documentary indicia of tenant’s residency in the New York apartment. This is so notwithstanding tenant’s designation of a West Palm Beach property as her address in successfully applying for a Florida homestead exemption. A tenant’s declaration of residence on a tax-related document, while one of many factors to be considered in determining primary residence, is not “dispositive as a matter of law, especially in the context of a motion for summary judgment” (West 157th St. Assoc. v Sassoonian, 156 AD2d 137, 139 [1989]; see Glenbriar Co. v Lipsman, 11 AD3d 352, 353 [2004], affd on other grounds 5 NY3d 388 [2005] [listing of out-of-state address as primary residence in tax returns not fatal to claim of primary residence in New York]; 310 E. 23rd LLC v Colvin, 41 AD3d 149 [2007] [same]; Village Dev. Assoc. v Walker, 282 AD2d 369 [2001] [same]).
To be distinguished is Katz Park Ave. Corp. v Jagger (46 AD3d 186 [2007]), in which a sharply divided panel of the Appellate Division, First Department, held that the tenant, a British citizen temporarily staying in the United States under a tourist visa, was precluded, as a matter of law, from maintaining a primary residence in a rent-stabilized apartment in New York City. Unlike the situation in the case at bar, it was the tenant’s immigration status as a “temporary visitor,” not any self-initiated declaration of residence, that was determined in dagger to be fatal to that tenant’s primary residence claim.
Davis, J.E, Schoenfeld and Heitler, JJ., concur.