50 West 96th Realty LLC, Petitioner-Appellant,
against
Laura Lysle a/k/a Laura Leslie Lisle, Respondent-Respondent, - and - "John Doe" and/or "Jane Doe", Respondents.



Petitioner appeals from an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), dated February 20, 2018, which denied its motion for discovery and granted respondent's cross motion for summary judgment dismissing the petition in a holdover summary proceeding.




Per Curiam.
Order (Jean T. Schneider, J.), dated February 20, 2018, reversed, with $10 costs, respondent's motion denied, petition reinstated, and matter remanded to Civil Court for further proceedings.
Summary disposition of respondent's family member succession claim (see New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6[d][1]) is unwarranted. The prediscovery record now before us record "consists almost entirely of materials submitted by [respondent]" (Cox v J.D. Realty Assoc., 217 AD2d 179, 183 [1995]) and petitioner, who does not own the building and may not have ready access to information, correctly "recites the absence of discovery in this matter and asserts that the facts relating to [respondent's] residence and [her] use of the subject premises are peculiarly within [her] knowledge (CPLR 3212 [f])" (id.). In the circumstances, respondent's succession claim should be decided following disclosure and a plenary trial on the merits.
Moreover, we significantly note that respondent's moving papers, though containing numerous documents, reveal significant omissions in evidence relating to the two-year period prior to tenant's death, including respondent's 2015 tax returns and the first page of her 2016 New York State tax return. In addition, the affidavits of various neighbors included within respondent's submission are conclusory. Thus, it cannot be said that the respondent has carried [*2]her burden of establishing a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see West 157th St. Assoc. v Sassoonian, 156 AD2d 137, 139 [1989]).
In reinstating the petition, we do not pass upon petitioner's application for discovery and interim use and occupancy, issues not reached below. Our disposition is without prejudice to petitioner's right to renew its application for such relief in Civil Court.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur.
Decision Date: October 26, 2018