Batneft Co. v Commerja-X Corp. (2025 NY Slip Op 50900(U))

[*1]

Batneft Co. v Commerja-X Corp.

2025 NY Slip Op 50900(U)

Decided on May 30, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2025
Supreme Court, New York County

Batneft Company, Plaintiff,

against
Commerja-X Corporation, LINDON BRENSELY JAMES, Defendant.

Index No. 651185/2025

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 69, 70, 71, 72, 73, 74, 75, 76, 77 were read on this motion for JUDGMENT - SUMMARY.
Plaintiff Batneft Company (Batneft) is a business organized under the laws of Kyrgyzstan that exports refined petroleum products. Defendant Commerja-X is a Wyoming corporation with offices located in New York. Defendant Lindon Brensely James is purportedly the CEO of Commerja-X.
It is alleged that, pursuant to a memorandum of understanding, Commerja-X provided consulting services and acted as escrow agent over proceeds from Batneft's petroleum sales. Batneft submits that, between October and December 2024, five (5) wires totaling $549,970.00 were deposited into an escrow account controlled and managed by defendants James and Commerja-X. As of April 2025, a total of only $154,022.72 allegedly remains in the account.
In motion sequence 004, plaintiff Batneft moves for summary judgment on its three (3) causes of action: breach of contract, breach of fiduciary duty, and violation of New York Banking Law §9-G. No opposition to the motion was filed.
Plaintiff's motion for summary judgment is premature and must be denied. According to CPLR 3212 (a), a "party may move for summary judgment in any action after issue has been joined" (emphasis added). Here, defendants have not answered the summons and complaint (NYSCEF doc. no. 001), and have not answered or otherwise responded to the amended complaint (NYSCEF doc. no. 022). "A motion for summary judgment cannot be made until after issue is joined" (Valentine Transit, Inc. v Kernizan, 191 AD2d 159, 160 [1st Dept 1993]). This requirement is strictly adhered to (City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]).
Accordingly, it is hereby
ORDERED that plaintiff's motion for summary judgment is denied.
DATE May 30, 2025
ROBERT R. REED, J.S.C.