251 CPW Hous., LLC v Singer
2026 NY Slip Op 50967(U)
June 24, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Rent Regulation-Nonprimary Residence-Discovery

251 CPW Housing, LLC, Petitioner-Landlord-Appellant,
v
David S. Singer, Respondent-Tenant-Respondent, and Aiden J. Bezark and Victoria P. Heinlein, Respondents-Undertenants-Respondents, and "John Doe" and "Jane Doe", Respondents-Undertenants.

Supreme Court, Appellate Term, First Department
Decided on June 24, 2026
570538/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Landlord, as limited by its brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Shahabuddeen A. Ally, J.), entered September 9, 2025, as granted tenant's cross-motion for summary judgment dismissing the petition and denied, as moot, landlord's motion for leave to conduct discovery, in a holdover summary proceeding.
[*1]
Per Curiam.
Order (Shahabuddeen A. Ally, J.), entered September 9, 2025, insofar as appealed from, reversed, with $10 costs, tenant's cross-motion denied, petition reinstated and the matter remanded to Civil Court for a determination of landlord's motion for discovery.
Tenant's cross-motion for summary judgment dismissing this nonprimary residence holdover summary proceeding should have been denied as premature, since "landlord has not been afforded the opportunity to conduct discovery" (Cox v J.D. Realty Assoc., 217 AD2d 179, 180 [1995]; see 111 Realty Co. v Sulkowska, 21 Misc 3d 53, 2008 NY Slip Op 28402 [App Term, 1st Dept 2008]). The law recognizes a presumption in favor of discovery in summary proceedings commenced by the landlord on the basis of nonprimary residence (see Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv denied 90 NY2d 829 [1997]; Cox v J.D. Realty Associates, 217 AD2d at 184), and landlord had demonstrated ample need for discovery regarding tenant's residence and use of the subject apartment that are peculiarly within tenant's [*2]knowledge (see Hughes v Lenox Hill Hosp., 226 AD2d at 18). In this regard, the pre-discovery record so far developed shows that tenant purchased a condominium in Los Angeles in 2020, registered a vehicle there, surrendered his New York plates and sublet the subject apartment at issue. Although the sublet request was approved by landlord, the subtenant refused to vacate and said subtenant submitted an affidavit indicating that other subtenants had occupied the premises prior to his occupancy and that tenant stated that he has been residing in California for a number of years. Thus, a summary disposition is not appropriate at this juncture; instead, this matter should be decided after the exchange of discovery (see ACP 150 W. End Ave. Assoc., L.P. v Greene, 83 Misc 3d 128[A], *1, 2024 NY Slip Op 50737[U] [App Term, 1st Dept 2024]).
Although we hold that landlord is entitled to discovery, the scope of the discovery should be decided in the first instance by Civil Court. We remand the matter accordingly.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 24, 2026