OPINION OF THE COURT
Per Curiam.
Final judgment entered December 17, 2002 reversed, without costs, and the matter remanded for a new trial.
This nuisance holdover proceeding, commenced in May 2002, is founded upon allegations that tenant allowed “combustible material” in the form of “papers” to accumulate in his rent-controlled apartment and that the condition led to the issuance in February 2002 of a class B violation for “excessive storage of papers.” At a trial held in December 2002, petitioner landlord relied largely upon photographs of tenant’s cluttered apartment taken more than a year and a half earlier in May 2001 — acknowledged by landlord on direct examination to be “a long time ago” — and the landlord’s own observations of “a lot of garbage” in the apartment, observations last made in or about May of 2002, more than six months prior to trial. Asked how he knew that tenant did not subsequently remedy the condition, the landlord offered the elliptical response that the (nontestifying) on-site superintendent who helps remove garbage from the building “would . . . have told” him if that had occurred, and that no such conversation took place. Although the point is not fully developed in the thin trial transcript, it appears that the pro se tenant, due to what the trial court described as unspecified “health problems,” was unable to grant access to landlord for an apartment inspection immediately prior to trial.
In this posture, and considering the obvious gaps in proof created by the stale evidence in the trial record now before us, the possessory judgment issued below in landlord’s favor may not stand. Balancing the possible safety concerns posed by any continuing “Collyer”-type condition in the premises against the tenant’s interest in preserving his rent-controlled tenancy of more than 50 years’ duration, fairness dictates that there be a more probing inquiry into the present condition of tenant’s apartment before a final resolution of the matter is reached.
Suarez, P.J., McCooe and Schoenfeld, JJ., concur.