■ LAZAR GAZIVODA, Appellant, v HEATH SHERMAN, Respondent. [816 NYS2d 417]—

Order of the Appellate Term of the Supreme Court, First Department, entered January 7, 2005, which, in a holdover proceeding, (1) reversed a judgment of Civil Court, New York County (Cyril K. Bedford, J.), entered December 17, 2002, after a nonjury trial, awarding possession of the subject rent-controlled apartment to petitioner landlord, and (2) remanded the matter for a new trial, unanimously modified, on the law and the facts, to condition vacatur of Civil Court's judgment of possession in favor of landlord upon tenant's affording landlord a reasonable opportunity to inspect and photograph the apart-

ment prior to the new trial, and otherwise affirmed, without costs.

The main evidence relied on by Civil Court in finding that the apartment is so cluttered with papers, refuse and/or rubbish as to constitute a nuisance are violations that were issued by the New York City Department of Housing Preservation and Development after inspections conducted on February 25 and June 16, 2002. At the trial held on December 17, 2002, tenant testified that he had removed the clutter and that emergency health problems had forced him to cancel court-ordered inspections of his apartment that were scheduled to be conducted shortly before the trial. Landlord introduced pictures of the apartment that were taken in May 2001, admitted that the last time he was in the apartment was in August 2002, and explained that the reason he knew that tenant did not subsequently remove the clutter was because the nontestifying on-site superintendent, who helps remove garbage from the building, would have told him so. Appellate Term aptly characterized this explanation as "elliptical" and "[b]alancing the possible safety concerns posed by any 'Collyer'-type condition in the premises against the tenant's interest in preserving his rent controlled tenancy of more than 50 years duration." The court correctly held that there should be "a more probing inquiry into the present condition of tenant's apartment," and remanded for a new trial. We reject landlord's argument that any remedial action tenant may have taken after landlord's service of the notice of termination on April 30, 2002 is irrelevant (*cf. Kast Realty, LLC v Houston*, 2003 NY Slip Op 50892[U] [App Term, 1st Dept 2003] [tenant not entitled to further opportunity to cure nuisance as she was afforded ample opportunity to do so during the course of proceeding]). Landlord, however, should have a reasonable opportunity to inspect and photograph the apartment before the trial, and we modify accordingly. Concur—Buckley, P.J., Andrias, Marlow, Nardelli and Catterson, JJ. [*See* 6 Misc 3d 66 (2005).]