■ MHM Sponsors Co., Respondent, v Bernard Vernon et al., Appellants, and "John Doe" et al., Respondents. [831 NYS2d 383]—Order of the Appellate Term of the Supreme Court, First Department, entered December 12, 2005, which affirmed a judgment of Civil Court, Bronx County (Brenda S. Spears, J.), entered on or about July 8, 2004, finding respondents had not used the subject rent-stabilized apartment as their primary residence, terminating the tenancy and awarding petitioner possession, unanimously affirmed, with costs.

Respondent tenants do not directly challenge the evidence which supports the conclusion that they did not use the apartment as their primary residence (*see* Rent Stabilization Code [9 NYCRR] § 2524.4 [c]; *see generally Cox v J.D. Realty Assoc.,* 217 AD2d 179, 185 [1995]).

Contrary to respondents' assertions, it is clear that the only aspect of the prior *Collyer* proceeding (*see e.g. Gazivoda v Sherman,* 29 AD3d 458 [2006]) to which the court gave preclusive effect was the determination that the condition of the apartment at that time was caused by the tenants, and not any act or omission by petitioner landlord. This was decided in the prior proceeding at which respondents had a full and fair opportunity to litigate the issue (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455 [1985]).

The purported errors in the trial court's decision/judgment appear to be based on respondents' mischaracterization of the court's meaning, or were at best a de minimis reference to "they" when the court meant Mrs. Vernon alone. None of the arguments as to these alleged errors warrants a new trial. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.