■ RICHARD E. SCHNEYER et al., Respondents, v HENIA SILBERG, Appellant.—Judgment of the Supreme Court, New York County (Jacqueline Silbermann, J.), entered June 16, 1987, after a bench trial, which, *inter alia,* awarded possession of premises 645 West End Avenue, New York, apartment 7F, to plaintiffs Richard Schneyer and Jeffrey Margolis, is unanimously affirmed, without costs.

Plaintiffs commenced this action to evict defendant as a licensee following the voluntary departure of the statutory tenant.

The record refutes defendant's contention that she was denied due process and a fair trial by the court's refusal to grant her an unspecified period of adjournment, following her procurement of a third attorney several days before the com-

mencement of trial, or to grant a longer continuance during her absence from trial. Applications for adjournments and continuances are addressed to the sound discretion of the court and will be upheld on appellate review in the absence of an abuse of discretion (Matter of Alario v DeMarco, 149 AD2d 587, 589). Upon our review of the record on appeal, we perceive no abuse or improvident exercise of discretion in the court's decision to deny a further adjournment or a continuance longer than the five days that were given.

Next, plaintiffs, as owners of the subject premises, are not required to first obtain a certificate of eviction from the Division of Housing and Community Renewal where the record establishes defendant was a licensee who was no longer entitled to possession of the property upon the departure of the statutory tenant (see, 300 W. 49th St. Assocs. v Towasser, NYLJ, Aug. 23, 1989, at 21, col 2 [App Term, 1st Dept]).

Finally, defendant's contention that she is entitled to possession of the apartment, based on the theory of adverse possession, by virtue of her occupancy in said apartment for 15 years, is raised for the first time on appeal. Defendant's failure to raise this issue before the court precluded plaintiffs from submitting evidentiary material in opposition. Consequently, the issue has not been preserved for appellate review (Arell's Fine Jewelers v Honeywell, Inc., 147 AD2d 922, 923). In any event, the claim is meritless. Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.