■ GEORGES MISTHOPOULOS et al., Respondents, v ESTATE OF DARRELL A. RUHL, Deceased, et al., Defendants, and STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 23, 1991, which denied the motion of the State of New York Division of Housing and Community Renewal (DHCR) to dismiss the complaint as against it, and to dismiss so much of the complaint as seeks a court order directing DHCR to issue an order of eviction, unanimously reversed, on the law, without costs, and the motion to dismiss is granted. The Clerk is directed to enter judgment in favor of defendant-appellant severing and dismissing the complaint as against it.

This case concerns the succession rights to a rent controlled apartment currently occupied by the companion of the now-deceased tenant, and possibly other persons. Plaintiffs (hereafter collectively "landlord") brought an action for a judgment declaring, *inter alia,* that the apartment is no longer rent controlled, that the current occupants are trespassers, and for an order directing DHCR to issue an "order of eviction" against the occupants. DHCR moved for an order dropping the agency as a party defendant pursuant to CPLR 1003 on the ground that it is not a necessary or proper party, and dismissing that portion of the complaint which seeks a court order directing DHCR to issue an "order of eviction" on the ground that no application had been made to DHCR requiring action

by that agency. The Supreme Court denied the motion on the ground that DHCR's records and its expertise in the interpretation and administration of the laws upon which the complaint was based might "play a significant role" in determining the merits of the dispute between the landlord and the occupants of the apartment.

We find that this was not a sufficient reason for denying DHCR's motion. DHCR has no authority to issue an "order of eviction", and a certificate of eviction may be issued only upon application made to the agency by the landlord (9 NYCRR 2204.4). Since the record does not reveal that such an application was made, there is no action that can be required of the agency.

The DHCR and the courts have concurrent jurisdiction to determine so-called succession cases, such as the one at bar, but when the landlord commences a court action to determine succession rights *(e.g., Braschi v Stahl Assocs. Co.,* 74 NY2d 201) the DHCR is not a necessary or proper party. If the real parties in interest require DHCR records in order to determine the issues, those records can be obtained by subpoena duces tecum. Moreover, even if it were appropriate to call a DHCR staff member as an expert, a proposition that is doubtful at best, that circumstance would not warrant forcing the DHCR to remain as a defendant in this action. Accordingly, we grant DHCR's motion by declaring that it has no obligation to take any action with respect to the plaintiffs or the subject apartment, and the DHCR is hereby released from the case as a party defendant. Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.