■ WILLIAM GOTTLIEB, Respondent, v JOAN R. LICURSI, Appellant, et al., Respondents. [595 NYS2d 17] —Order, Appellate Term, First Department, entered October 30, 1991, which

reversed a judgment of the Civil Court, New York County (Peter M. Wendt, H.J.), entered March 5, 1990, awarding respondent-tenant possession of the subject rent-controlled apartment, and awarded a judgment of possession in favor of petitioner-landlord, unanimously affirmed, without costs.

While Appellate Term may have erred in retroactively applying the two year residency requirement of amended New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d) (1) in determining whether respondent Licursi, a family member of the deceased tenant of record, qualified as a successor tenant *(911 Alwyn Owners Corp. v Estate of Rosenthal,* 190 AD2d 621), the result was nevertheless correct, Licursi having failed to meet her burden of proving that she lived with the decedent in a manner "bearing some indicia of permanence or continuity" *(829 Seventh Ave. Co. v Reider,* 67 NY2d 930, 932-933). As found by Appellate Term, respondent maintained ownership of a house in White Plains, and filed her income tax return from, and registered to vote in, Westchester County throughout her claimed 18-month co-occupancy of the apartment *(see, Goodhue House Co. v Bernstein,* NYLJ, Dec. 7, 1981, at 14, col 3). Concur—Milonas, J. P., Rosenberger, Kupferman and Ross, JJ.