OPINION OF THE COURT
Per Curiam.
Order entered June 28, 1994 (Sue Ann Hoahng, J.) reversed, without costs, the holdover petition is reinstated, and the matter is remanded to the Civil Court for further proceedings.
Appeal from order entered October 25, 1994 (Sue Ann Hoahng, J.) denying reargument, dismissed without costs as nonappealable (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 173 AD2d 203).
Landlord commenced holdover licensee proceedings against respondent upon the death of the rent-controlled statutory tenant. As yet, no answer has been served herein, but it appears that respondent will be asserting succession rights in defense of the proceeding. On the adjourned return date, Civil Court sua sponte dismissed the petition due to landlord’s failure to first apply to the rent agency for a certificate of eviction.
While the rent control laws delineate certain instances for which a landlord must secure a certificate of eviction before a statutory tenant may be removed (see, Administrative Code of City of NY § 26-408 [b]), the statutory tenancy expired upon the death of the tenant (1 Rasch, New York Landlord and Tenant — Summary Proceedings § 10:13 [3d ed]). In a holdover licensee proceeding following the tenant’s death (RPAPL 713 [7]), where the respondent is seeking to exercise the right to eviction protection based upon a claimed relationship to and residency with the decedent, and where the respondent’s status as a successor tenant in her own right has yet to be determined, the landlord is not required to first obtain a certificate of eviction from the Division of Housing and Community Renewal vis-a-vis the licensee in possession (Schneyer v Silberg, 156 AD2d 200; Misthopoulos v Estate of Ruhl, 183 AD2d 651, 652). Such a holding would necessarily relegate all succession claims where the rent-controlled tenant has permanently vacated to the more protracted processes of the administrative agency, effectively negating the summary remedy available under RPAPL 713.
*203 It is true that in setting forth the substantive elements for family member succession, the New York City Rent and Eviction Regulations do state that "the city rent agency shall not issue an order granting a certificate of eviction” where the criteria for succession have been established (9 NYCRR 2204.6 [d] [1]). We do not construe this language as precluding a court of competent jurisdiction, such as the Civil Court, from adjudicating these claims in the first instance when a holdover proceeding has been brought. Particularly is this so in the absence of a specific subdivision under Administrative Code § 26-408 (b) requiring owners of rent-controlled units to obtain a certificate of eviction in succession-type cases. Unlike the situation where an owner seeks possession for a substantial renovation or demolition of a building (Administrative Code § 26-408 [b] [3], [4]), it is doubtful that the Legislature intended for disputes over succession to be vested exclusively with DHCR (cf., Sohn v Calderon, 78 NY2d 755). To the contrary, the courts have historically exercised concurrent jurisdiction in such cases (see, e.g., 829 Seventh Ave. Co. v Reider, 67 NY2d 930; Braschi v Stahl Assocs. Co., 74 NY2d 201; Gottlieb v Licursi, 191 AD2d 256; Misthopoulos v Estate of Ruhl, 183 AD2d 651, 652, supra), and should continue to do so.
Finally, the respondent remains free to assert any legal or equitable defense in the within proceeding (RPAPL 743).