Kristin Booth Glen, J.
(dissenting). The issue here is whether the licensee holdover proceeding was properly dismissed on the ground that the landlord failed to secure a certificate of eviction from the New York State Division of Housing and Community Renewal (DHCR). Claiming succession rights, respondent Gloria Rosensweig alleges she is the niece of the rent-controlled tenant who died. It is uncontested that the landlord did not secure, nor seek, a certificate of eviction from DHCR. I dissent and vote to affirm because the failure to do so was fatal to the proceeding below.
Generally, a statutory tenancy, that is a rent-controlled tenancy, terminates upon the death of the tenant. (1 Rasch, New York Landlord and Tenant — Summary Proceedings § 10:13, at 458 [3d ed], relying on Stern v Equitable Trust Co., 208 App Div 13 [1st Dept 1924], affd 238 NY 267 [executor for statutory tenant only required to pay rent for month in which tenant died]; 1239 Madison Ave. Corp. v Neuberger, 208 App Div 87 [1st Dept 1924] [statutory tenant not required to give notice in order to terminate tenancy].)
*204 The death of a rent-controlled tenant does not, however, automatically authorize a landlord to commence licensee holdover proceedings against alleged remaining family members. Statutory and regulatory prerequisites must first be satisfied. The New York City Rent and Rehabilitation Law (Administrative Code of City of NY § 26-408 [b]) provides, in relevant part: "No tenant shall be removed or evicted on grounds other than those stated in subdivision a of this section unless on application of the landlord the city rent agency [now DHCR] shall issue an order granting a certificate of eviction in accordance with its rules and regulations designed to effectuate the purposes of this title, permitting the landlord to pursue his or her remedies at law.” The word "tenant” is defined in the New York City Rent and Rehabilitation Law (Administrative Code § 26-403 [m]) as: "A tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation.” A remaining family member qualifies as a person entitled to the possession or use and occupancy of any housing accommodation and thus is included in the definition of tenant for purposes of rent control law. (See, Matter of Herzog v Joy, 74 AD2d 372 [1st Dept 1980], affd 53 NY2d 821 [1981].) Accordingly, any ground for eviction, not specifically set forth as 1 of the 7 "for cause” eviction grounds in Administrative Code § 26-408 (a), requires a certificate of eviction from DHCR.
In Sohn v Calderon (78 NY2d 755, 764-765 [1991]), the Court of Appeals held that "[w]here a section 26-408 (b) eviction is sought, the landlord must apply for and obtain a 'certificate of eviction’ ”, Section 26-408 (b) defines such evictions as those not enumerated in section 26-408 (a). Since a remaining family member is a "tenant” for purposes of the New York City Rent and Rehabilitation Law, the inescapable conclusion is that a certificate of eviction is required before a landlord may pursue his or her remedies at law.
Compelling support for this position is contained in New York City Rent and Eviction Regulations (9 NYCRR 2204.6 [d] [1]), which apply to rent-controlled apartments in New York City (see, New York City Rent and Eviction Regulations [9 NYCRR] § 2200.1 [statutory authority]). That regulation provides, in relevant part: "the city rent agency shall not issue an order granting a certificate of eviction, and any member of the tenant’s family, as defined in paragraph (3) of this subdivision, shall not be evicted under this section where the tenant has the permanently vacated housing accommodation and such *205 family member has resided with the tenant in the housing accommodation as a primary residence for a period of no less than two years * * * or from the inception of the tenancy or commencement of the relationship, if for less than such periods.” (New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [1].) Paragraph (3) of the subdivision includes "niece” in the definition of family member. (New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [3].) Thus not only must a landlord request a certificate of eviction from DHCR in a "remaining family member” situation, the agency will not issue such certificate if the person establishes that she/he is a family member who lived with the rent-controlled tenant for the requisite time period. This statutory and regulatory scheme clearly recognizes that remaining family members are entitled to greater protection than mere licensees.
The majority’s reliance on Schneyer v Silberg (156 AD2d 200 [1st Dept 1989]) is misplaced. Citing 300 W. 49th St. Assocs. v Towasser (NYLJ, Aug. 23, 1989, at 21, col 2 [App Term, 1st Dept 1989]), the Court there held that because respondent was clearly a licensee, he was no longer entitled to possession once the statutory tenant had voluntarily departed and a certificate of eviction was not required. Towasser was a proceeding involving eviction of a deceased rent-controlled tenant’s roommate. We held there that the landlord was not obligated to first obtain a certificate of eviction from DHCR, because roommates are not sublessees covered by New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (a), which applies to sublets of rent-controlled apartments when the prime tenant uses no part of the accommodation as his dwelling. Towasser was a fact-based determination, which did not hold that securing a certificate of eviction is not required, but rather that the respondent roommate was not covered by regulatory protections.
Requiring a certificate of eviction in cases like that at bar may appear to raise a concern that because DHCR is so overburdened and delays in processing complaints and applications are so common, if a landlord is required to secure a certificate of eviction it will take far longer to evict an alleged licensee than by simply commencing a proceeding in Housing Court. Fortunately, the regulations themselves provide a solution to this apparent problem. A landlord may demand that a tenant complete a form in accordance with New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d) (2), *206 which requires the tenant to identify the occupants of the apartment and the basis for their succession rights. A tenant may also voluntarily, and without the request of the landlord, serve this form on the landlord to put him or her on notice that succession rights will be claimed. If the landlord serves a demand that the tenants and/or occupants complete this form and they do not, or they complete the form and fail to set forth facts which state a claim to succession or other rent-control protected status, the landlord may serve a notice to quit and proceed to Housing Court. If the occupants state facts which make out a succession claim, the landlord must request a certificate of eviction from DHCR.
It is troubling that courts have apparently been disregarding the rent control law and regulations, hearing remaining family member claims to rent-controlled apartments without requiring the landlords to secure certificates of eviction. In dicta, the Appellate Division, First Department, stated in Misthopoulos v Estate of Ruhl (183 AD2d 651, 652 [1st Dept 1992]), "The DHCR and the courts have concurrent jurisdiction to determine so-called succession cases” citing Braschi v Stahl Assocs. Co. (74 NY2d 201 [1989]) as a case in which no certificate of eviction was sought. Braschi, however, was a declaratory judgment action brought by an occupant seeking succession, not by the landlord. Accordingly, a certificate of eviction was not required there. Doubtless there are other examples of rent-control succession issues litigated in Housing Court and other courts without benefit of a certificate of eviction. In light of Sohn (supra), however, I believe that the rent-control statutory and regulatory scheme must be followed and a certificate of eviction secured.
I dissent and vote to affirm the decision below.
Parness, J. P., and Miller, J., concur; Glen, J., dissents in a separate memorandum.