■ CITY OF NEW YORK, Appellant, v KENNETH SCOTT, Respondent. [657 NYS2d 600] —Order of the Appellate Term of the Supreme Court, First Department (Parness, J. P., and Glen, J.; McCooe, J., dissenting), entered August 9, 1995, which, in a holdover licensee proceeding, reversed an order of the Civil Court, Bronx County (Carl Callender, J.), entered July 15, 1993, dismissing the petition, and remanded the matter to Civil Court for a new trial on the issue of whether respondent's activities in the subject premises disqualify him from eviction protection as a successor tenant, unanimously affirmed, without costs.

In this summary proceeding, the City, as respondent's landlord, seeks to evict him from the apartment in which he resided with his mother, the legal tenant, from 1985 until her death in 1991, and then alone thereafter. The Department of Housing Preservation and Development ("HPD") denied respondent's application for tenancy in his own name pursuant to its Successor Tenants policy (28 RCNY ch 24), asserting, without providing any detailed specifications, that he had engaged in the "unacceptable activity" of drug trafficking in the vicinity of the premises, and was therefore ineligible for a successor tenant lease. HPD denied respondent's *pro se* administrative appeal of that decision, but did not advise him that he had the right to further review pursuant to CPLR article 78. Thereafter, the City sought to evict respondent as a holdover licensee.

Respondent made a prima facie showing of entitlement to

the apartment under petitioner's Successor Tenants policy (cf., *Morillo v City of New York*, 178 AD2d 7, 13, *appeal dismissed* 79 NY2d 1039, *lv denied* 80 NY2d 752). We agree with Appellate Term that because respondent received no meaningful opportunity at the agency level to confront the evidence of his alleged drug trafficking, no notice of the facts relied on by HPD in reaching its determination, and no advice of his right to the article 78 relief, due process requires that respondent be permitted to litigate his family-member succession entitlement as a defense to the City's holdover proceeding (cf., *Matter of Henderson v Popolizio*, 76 NY2d 972, 975).

We note that our decision in *Morillo (supra)* concerned the claims of squatters, a property interest insufficient to trigger due process rights. The critical distinction here is respondent's successor tenancy status as the surviving occupant-son of the original lawful lessee. This status confers a far more substantial property right than that asserted by the *Morillo* squatters, since respondent's initial occupancy was lawful at the outset.

There remains the concern raised by the dissent at Appellate Term that further judicial relief is unavailable to respondent in the absence of an article 78 petition. This procedural impediment is obviated by the circumstance that on June 28, 1996, petitioner conveyed the premises to Elsmere Ltd., a nonprofit partnership whose principals now espouse petitioner's position. Obviously, the strictures of article 78 would have no application to the Elsmere landlord, a private entity which is now the real party in interest. This reality should be determinative even in the absence of a formal substitution of party-petitioner under CPLR 1018.

We have considered petitioner's other contentions and find them to be without merit. Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.