■ In the Matter of MICHAEL MAYS, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [852 NYS2d 106]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered April 20, 2007, which, in a proceeding pursuant to the Freedom of Information Law (FOIL), granted respondent's cross motion to dismiss on the ground of res judicata, unanimously affirmed, without costs.

In June 1995, petitioner made a FOIL request to respondent essentially seeking all documents relating to a particular indictment. Petitioner did not request certified copies of the documents. Respondent provided petitioner with certain documents but refused to provide others. Petitioner commenced a CPLR article 78 proceeding for review of respondent's response to the FOIL request. In November 1999, following an in camera inspection of the documents respondent refused to provide to petitioner, Supreme Court granted the petition in part, provided petitioner with certain additional documents, and otherwise denied the petition.

In May 2006, petitioner made another FOIL request to respondent essentially seeking all documents relating to the same indictment. This time, however, petitioner provided a more detailed description of the documents he sought and requested certified copies of the documents. Respondent denied petitioner's request as duplicative of his June 1995 request. Petitioner's CPLR article 78 proceeding challenging respondent's denial of

his request was dismissed on respondent's motion on the ground that the proceeding was barred by res judicata. We affirm.

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]). Here, petitioner's claim that he was entitled under FOIL to all documents relating to a particular indictment was adjudicated on the merits in the prior CPLR article 78 proceeding. That petitioner's second request was more detailed and specific is irrelevant; in both requests he essentially sought all documents relating to the same indictment. Furthermore, petitioner could have raised in the prior proceeding his present claim that he was entitled to certified copies of the documents.

We have considered petitioner's remaining argument and find it unavailing. Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ. [*See* 2007 NY Slip Op 30835(U).]