OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about February 29, 2012, reversed, petition reinstated and matter remanded for further proceedings consistent with this decision, with $30 costs to abide the event.
Petitioner commenced this holdover summary proceeding upon the death of the rent-controlled statutory tenant, based on allegations that respondent Severino’s occupancy status was that of subtenant or licensee with no right to continued possession. The central focus of the trial was on respondent’s properly pleaded succession defense, with respondent’s counsel noting in pretrial colloquy that “we waived jurisdictional defenses” in order to litigate the merits of what counsel described as a “strong” succession claim. Following a full trial on the merits, the court, sua sponte, dismissed petitioner’s possessory cause of action because it did not first apply to the rent agency for a certificate of eviction. This was error, for in disputes involving succession rights, “administrative proceedings before the Division of Housing and Community Renewal (City Rent and Rehabilitation Law § 26-408; 9 NYCRR 2204.6) are not regarded as an exclusive remedy, and courts [including the Housing Part of Civil Court] have traditionally exercised concurrent jurisdiction in such cases” (Cox v J.D. Realty Assoc., 217 AD2d 179, 181 [1995] [citations omitted]; see Misthopoulos v Estate of Ruhl, 183 AD2d 651, 652 [1992]; Schneyer v Silberg, 156 AD2d 200, 201 [1989]). As this court previously noted in closely analogous circumstances, a holding requiring a landlord to first obtain a certificate of eviction from the Division of Housing and Community Renewal vis-a-vis the occupant in possession “would necessarily relegate all succession claims where the rent-controlled tenant *69 has permanently vacated to the more protracted processes of the administrative agency, effectively negating the summary remedy available under RPAPL 713” (Bromer v Rosensweig, 166 Misc 2d 201, 202 [1995]).
The dismissal order premised solely on the unraised certificate of eviction issue must fall under the controlling precedents cited above. We remand the matter for such further proceedings as may be necessary to determine the merits of tenant’s succession defense, an issue not addressed in the court’s written decision.
Lowe, III, P.J., Schoenfeld and Hunter, Jr., JJ., concur.