Luisa Knoll, Appellant, 
against
Enrique Cruz, Respondent, -and- JUSTO COLLADO, "JOHN DOE" and "JANE DOE," Occupants.



Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Jean T. Schneider, J.), entered January 29, 2015. The final judgment, insofar as appealed from, after a nonjury trial, dismissed so much of the petition as is against occupant Enrique Cruz in a licensee summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Landlord commenced this licensee summary proceeding (RPAPL 713 [7]) against Enrique Cruz (occupant) and others seeking possession of the subject rent-controlled apartment after the tenant of record, occupant's grandfather, had passed away. Occupant claimed that he was entitled to succession rights because the apartment had been his primary residence for at least two years prior to his grandfather's death. Landlord appeals from so much of a final judgment as, after a nonjury trial, found in favor of occupant and dismissed so much of the petition as is against him.
A grandson may not be evicted from his grandfather's rent-controlled apartment if the grandson's primary residence was with his grandfather for at least two years prior to his grandfather's departure from the apartment (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [1], [3]). The burden of presenting legally sufficient proof to establish primary residency rests with the party claiming succession rights (see Gottlieb v Licursi, 191 AD2d 256 [1993]). 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [*2][2008]).
It is uncontested that occupant's grandfather was the rent-controlled tenant of the subject apartment until his death and that occupant is his grandson. The evidence adduced at trial established that occupant had a difficult relationship with his father and, as a result, had moved in with his grandfather, residing there as his primary residence for at least two years prior to his grandfather's death.
We reject landlord's argument that occupant did not establish his claim to succession rights because he did not submit "customary items" of documentary proof. "While documentation, or the absence thereof, might be a significant factor in evaluating primary residency, especially in the case of the dubious credibility of witnesses, it would not be a dispositive factor, especially when there is a preponderance of credible personal testimony" (300 E. 34th St. v Habeeb, 248 AD2d 50, 55 [1997] [citations omitted]). Here, the Civil Court credited the testimony of occupant, his mother and his grandmother, and we find no basis to disturb its determination. Accordingly, the final judgment, insofar as appealed from, is affirmed.
Elliot, J.P., Weston and Solomon, JJ., concur.
Decision Date: May 05, 2016