Matter of Smith v New York State Off. of The Attorney Gen. (2018 NY Slip Op 01371)





Matter of Smith v New York State Off. of The Attorney Gen.


2018 NY Slip Op 01371


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

525041

[*1]In the Matter of HOWARD I. SMITH, Appellant,
v
NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL et al., Respondents.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Arnold & Porter Kaye Scholer LLP, New York City (Daphne Morduchowitz of counsel), for appellant.
Eric T. Schneiderman, Attorney General, Albany (Jeffrey W. Lang of counsel), for New York State Office of the Attorney General, respondent.
Emery Celli Brinkerhoff & Abady LLP, New York City (Andrew G. Celli Jr. of counsel), for Eliot Spitzer, respondent.




MEMORANDUM AND ORDER
Aarons
, J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered August 19, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.
The history of this case is set forth in our prior decisions involving these parties (Matter of Smith v New York State Off. of the Attorney Gen., 116 AD3d 1209 [2014], lv denied
24 NY3d 912 [2014]; Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d 1201 [2013]). Briefly, in 2005, respondent Eliot Spitzer, then-Attorney General of the State of New York, commenced a civil enforcement action against petitioner and American International Group, Inc. (hereinafter AIG), among others. In September 2007, petitioner submitted a request under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) to respondent Office of the Attorney General (hereinafter OAG) seeking, among things, communications between OAG or anyone on its behalf and the press from January 1, 2005 to December 31, 2006 concerning petitioner. Petitioner's FOIL request was denied and, in May 2008, petitioner commenced a CPLR article 78 proceeding challenging OAG's denial.
During the pendency of that proceeding, petitioner submitted a second FOIL request in September 2009 seeking communications between OAG or anyone on its behalf and AIG. OAG partially denied this request, prompting a second CPLR article 78 proceeding by petitioner. In June 2011, petitioner and OAG subsequently reached a settlement agreement with respect to petitioner's FOIL requests, but left open for resolution the issue of "any obligations that . . . OAG may have with respect to any [emails] that . . . Spitzer may have sent from a personal email account and that are not in . . . OAG's possession." Supreme Court subsequently issued an order directing OAG to gain access to Spitzer's private email account so that OAG could determine what emails should be disclosed. Upon OAG's appeal, we vacated Supreme Court's order and remitted the matter for purposes of joining Spitzer as a necessary party (Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d at 1204-1205).
Upon remittal, petitioner filed an amended petition naming Spitzer as an additional party. Spitzer thereafter moved to dismiss the amended petition. During oral argument on the motion, petitioner and Spitzer agreed to resolve the issue if Spitzer submitted an affidavit attesting that his personal email account did not contain any documents responsive to petitioner's request. In May 2014, Spitzer submitted an affidavit stating that he retained a digital forensic firm to search for responsive documents and certified that he did "not have possession of any records responsive to [p]etitioner's [r]equest . . .[,] and that such records cannot be found after a diligent search." In September 2014, Supreme Court dismissed the amended petition as moot in light of the certifications made in Spitzer's affidavit. No appeal from the September 2014 judgment was taken by petitioner.
Before Supreme Court issued its judgment, however, in June 2014, petitioner submitted another FOIL request covering the same topics and time period as the previous FOIL requests, but this time seeking communications concerning Spitzer. Petitioner also sought responsive communications in Spitzer's possession, including those sent, received or copied to Spitzer's private email account. After OAG denied this request, petitioner commenced this CPLR article 78 proceeding. OAG and Spitzer separately moved to dismiss the petition. Supreme Court granted the motions and petitioner now appeals.
This appeal centers on whether Spitzer's private email account contains records responsive to petitioner's June 2014 FOIL request. This issue, however, was already litigated between the parties and resolved in Supreme Court's September 2014 judgment. In dismissing petitioner's prior amended petition, Supreme Court relied on Spitzer's affidavit and noted that it established that his personal email account did not contain responsive documents as to the topics contained in petitioner's 2007 FOIL request. Petitioner was free to challenge the September 2014 judgment by taking an appeal therefrom but did not do so. Furthermore, contrary to petitioner's assertion, our review of the September 2007 and June 2014 FOIL requests confirms that petitioner essentially seeks the same documents in both requests. Based on the foregoing, this proceeding is barred by res judicata (see Matter of Andrade v New York City Police Dept., 106 AD3d 520, 521 [2013]; Matter of Mays v New York City Police Dept., 48 AD3d 372, 373 [2008]; Matter of Ferrara v Superintendent, N.Y. State Police, 235 AD2d 874, 875 [1997], lv denied and appeal dismissed 90 NY2d 829 [1997]). In light of our determination, petitioner's remaining contentions have been rendered academic.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.