408 St. John's Place, LLC v Estate of Bartholomew (2020 NY Slip Op
50892(U))

[*1]

408 St. John's Place, LLC v Estate of Bartholomew

2020 NY Slip Op 50892(U) [68 Misc 3d 127(A)]

Decided on July 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2017-1439 K C

408 St. John's Place, LLC, Appellant,
against
Estate of Matilda Bartholomew, Care of Public Administrator, Tenant,
Innocencere Valentine, Also Known as Phyllis Bartholomew, and Nicole Valentine,
Respondents, and Talbert Valentine, Also Known as Valentine P. Talbert, Peter Valentine, Jr., et
al., Occupants. 

Capell Barnett Matalon & Schoenfeld, LLP (Peter S. Sanders of counsel), for appellant.
The Legal Aid Society (John Bryant, Debbora Gerressu, and Ikenna Anyoku of counsel), for
respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Hannah Cohen, J.), entered August 4, 2017. The final judgment, insofar as appealed from, upon
a decision of that court dated May 12, 2017, after a nonjury trial, dismissed so much of the
petition as is against occupants Innocencere Valentine and Nicole Valentine in a holdover
summary proceeding.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
May 12, 2017 is deemed a premature notice of appeal from the final judgment entered August 4,
2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
After the expiration of the deceased tenant's lease, landlord commenced this holdover
proceeding against the deceased tenant's estate and, among others, Innocencere Valentine and
Nicole Valentine (collectively "occupants"), seeking possession of the rent-stabilized apartment.
Occupants, who are a daughter and granddaughter, respectively, of the deceased tenant, defended
on the ground that they were entitled to succeed to the tenancy (see Rent Stabilization
Code [9 NYCRR] § 2523.5 [b] [1]). After a nonjury trial, the Civil Court found that
occupants had [*2]established succession rights to the apartment.
A final judgment was subsequently entered on August 4, 2017, pursuant to the court's May 12,
2017 decision. On this court's own motion, occupants' notice of appeal from the May 12, 2017
decision is deemed a premature notice of appeal from the final judgment entered August 4, 2017
(see CPLR 5520 [c]).
Any family member of a rent-stabilized tenant, including, as relevant here, a daughter and a
granddaughter, shall not be evicted from the tenant's apartment if the family member has resided
with the tenant in the apartment as a primary residence for at least two years prior to the tenant's
permanent removal from the premises (see Rent Stabilization Code [9 NYCRR]
§§ 2520.6 [o] [1]; 2523.5 [b] [1]). The burden of presenting legally sufficient proof to
establish contemporaneous residency with the tenant rests with the party claiming succession
rights (see 68-74 Thompson Realty,
LLC v McNally, 71 AD3d 411, 412 [2010]; Gottlieb v Licursi, 191 AD2d 256,
257 [1993]). The traditional indicia of primary residence, including driver's license, voter's
registration, income tax returns, telephone records and bank statements, would be competent
evidence on the issue of residency (see Lesser v Park 65 Realty Corp., 140 AD2d 169,
174 [1988]; Pavel v Fischer, 21
Misc 3d 143[A], 2008 NY Slip Op 52452[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2008]). However, "[w]hile documentation, or the absence thereof, might be a significant factor in
evaluating primary residency, especially in the case of the dubious credibility of witnesses, it
would not be a dispositive factor, especially when there is a preponderance of credible personal
testimony" (300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997] [citations
omitted]; see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109, 109 [2001]; Zevrone Realty Corp. v Irving, 63 Misc
3d 141[A], 2019 NY Slip Op 50587[U] [App Term, 1st Dept 2019]).
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; Hamilton v Blackwood,
85 AD3d 1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]).
Here, the credible testimony established that occupants had resided with the tenant of record
in the subject apartment as a primary residence for at least two years prior to the tenant's death.
The testimony was further corroborated by a substantial amount of documentary
evidence—such as voting records, tax returns, telephone and bank records, and records
from the Department of Motor Vehicles. The fact that the tenant of record might have asserted in
her applications for Senior Citizen Rent Increase Exemption benefits, filed during the relevant
period, that she was residing alone in the apartment is merely one factor to be considered and is
not dispositive of the issue of occupants' primary residency (see 23 Jones St. Assoc. v
Keebler-Beretta, 284 AD2d at 109; 300 E. 34th St. Co. v Habeeb, 248 AD2d at 55;
Zevrone Realty Corp. v Irving, 63
Misc 3d 141[A], 2019 NY Slip Op 50587[U]). Therefore, the Civil Court correctly
determined that occupants met their affirmative burden to establish succession rights (see Zevrone Realty Corp. v Irving, 63
Misc 3d 141[A], 2019 NY Slip Op 50587[U]). 
Accordingly, the final judgment, insofar as appealed from, is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 24, 2020